**Gloria WALKER, Plaintiff–Appellant**

v.

**The UNIVERSITY OF TEXAS SOUTH-WESTERN MEDICAL CENTER, Defendant–Appellee.**

No. 15–10800

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 10, 2016.

Allison Christine Reppond, Trial Attorney, Robert Joseph Wiley, Rob Wiley, P.C., Dallas, TX, for Plaintiff–Appellant.

Wylie Emmett Kumler, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendant–Appellee.

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Gloria Walker appeals the district court's final judgment dismissing her action against Defendant–Appellee the University of Texas Southwestern Medical Center ("UTSWMC") with prejudice. On de novo review, applying the same Rule 56 standards as the district court,[1] we reach the same conclusion and therefore affirm.

Walker was employed as an information resources manager by UTSWMC since her promotion to the position in January of 2011. She claims that her employer discriminated against her based on her gender by trivializing her work, undermining her authority, and paying her less than similarly situated male employees. In late 2012, Walker filed a complaint with UTSWMC asserting the unequal pay claim, but UTSWMC denied the complaint. Next, on February 27, 2013, she filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting not only the unequal pay claim but also claims for discrimination, retaliation, and hostile work environment. The EEOC denied the request and issued her a right to sue letter.

She filed the instant action on February 28, 2014 in Texas state court, asserting claims for sex discrimination and retaliation under the Texas Labor Code, and for violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1) *et seq.* UTSWMC removed it to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331 because it raises a federal question under the EPA. Walker filed an amended complaint in federal court, adding claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* UTSWMC moved for summary judgment on all of her claims shortly thereafter.

The district court granted UTSWMC's motion in full, dismissing Walker's action with prejudice. First, it concluded that Walker failed to exhaust her sex discrimination and retaliation claims under the Texas Labor Code and Title VII within the applicable time periods. Specifically, Walker was required to file a charge of discrimination within 180 days of the discriminatory act under the Texas Labor

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *Berquist v. Washington Mut. Bank,* 500 F.3d 344, 348 (5th Cir.2007).

Code and within 300 days of the act under Title VII. Because she filed her EEOC charge on or about March 27, 2013, she is barred from suing for any discrete act occurring before August 31, 2012 under the Texas Labor Code, or before May 3, 2012 under Title VII.

The district court pointed out that although Walker raises numerous allegations concerning sex discrimination and retaliation, she has provided no time period for any of those alleged acts other than her promotion to information resources manager in 2011, well before the applicable period. Walker argued that her claims should be equitably tolled because of alleged discrimination and retaliation occurring within the applicable period, but, as the district court noted in its order, she failed to allege any discriminatory acts actually occurring during the applicable period, only continuing effects. "[C]urrent effects alone cannot breathe life into prior, uncharged discrimination." [2]

Consequently, the district court granted UTSWMC's motion for summary judgment on the Texas Labor Code and Title VII claims for lack of evidence that she had timely exhausted her administrative remedies. We reach the same conclusion. Walker has failed to demonstrate any discriminatory act within the applicable period, only—at most—continuing effects. Therefore her claims for sex discrimination and retaliation under the Texas Labor Code and Title VII are time-barred for failure to timely exhaust administrative remedies.

Next, the district court concluded that Walker could not prevail on her EPA claim. It concluded that she had made out a prima facie case that (1) UTSWMC is subject to the EPA; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than men in similar positions.[3] However, the district court concluded that Walker failed to rebut UTSWM's affirmative defense that the pay disparity between Walker and her most direct male comparator, Steve Miller, was due to Miller's superior credentials. As the district court properly noted, the evidence Walker offered did not rebut UTSWMC's bona fide defense and even showed that she was paid more than a few men in similar positions. Accordingly, the district court concluded Walker failed to demonstrate a genuine dispute as to any material fact regarding UTSWM's affirmative defense of merit-based pay disparity. Again, we reach the same conclusion as the district court.

For the foregoing reasons, we AFFIRM.

---

**2.** *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 619, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007).

**3.** *Jones v. Flagship Int'l*, 793 F.2d 714, 722–23 (5th Cir.1986).